## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ACCESS FOR THE DISABLED, INC.,
a Florida not for profit corporation, and
ROBERT COHEN, Individually,

      Plaintiffs,

v.

                                  Case No: 0:11-cv-62709 BSS

LAUDERDALE LOUNGES, INC.,
d/b/a PARROT LOUNGE,                      CONSENT CASE

      Defendant.

_____/

FILED by _____ D.C.

SEP 18 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

## FINAL ORDER APPROVING SETTLEMENT AGREEMENT
## AND DISMISSING CASE

      THIS CAUSE came before the Court on the Stipulation For Approval of a Settlement Agreement and Dismissal of the Case, and the Court having reviewed the pleadings and papers filed in this cause, and the Stipulation for Approval of Settlement Agreement and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1.    The Settlement Agreement, in the form annexed hereto, is APPROVED with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Settlement Agreement.

2.    The above-styled cause be and the same is hereby DISMISSED with prejudice;

3.    To the extent not otherwise disposed of herein, all pending motions are hereby DENIED or moot and the case is closed.

      DONE AND ORDERED in Chambers at Ft. Lauderdale this 18th day of Sept, 2012

                                _____
                                  UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ACCESS FOR THE DISABLED, INC.,**
a Florida not for profit corporation, and
**ROBERT COHEN**, Individually,

        Plaintiffs,

v.

**LAUDERDALE      LOUNGES,      INC.,**
d/b/a **PARROTT LOUNGE,**

        Defendant.

_____/

Case No: 0:11-cv-62709-BSS

CONSENT CASE

## SETTLEMENT AGREEMENT

**RECITALS:**

A. The Parties to this agreement are ACCESS FOR THE DISABLED, INC., and ROBERT COHEN, Individually, hereinafter sometimes referred to as "Plaintiffs," and LAUDERDALE LOUNGES, INC., d/b/a PARROT LOUNGE, hereinafter sometimes referred to as "Defendant."

B. The Defendant operates the Parrot Lounge located at 911 Sunrise Lane, Fort Lauderdale, Florida, 33304. The Parrot Lounge is a place of public accommodation as defined in the Americans with Disabilities Act.

C. The Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property.

D. The Parties have determined that the remedial measures agreed to herein constitute all

readily achievable and technically feasible measures to bring Defendant into compliance with the Americans With Disabilities Act.

E. The date of this agreement shall be the date on which the last Party's signature is affixed.

**NOW, THEREFORE,** and in consideration of the sum of ten ($10.00) dollars, the mutual covenants exchanged herein, and other good and valuable considerations, the legality and sufficiency are hereby acknowledged, the Parties agree as follows:

1. The Defendant shall undertake the following remedial measures in two bathrooms (the "accessible restrooms"). All such renovations shall comply with the ADAAG. All references to the ADAAG refer to the following: 28 CFR Chapter 1 Part 36, App. A. - ADAAG

a. Replace grab bars behind the toilets in accessible restrooms with ones 36" long.

b. Replace the current pedestal sinks with wall mounted sinks in accessible restrooms.

c. Install Pipe wrap in accessible restrooms.

d. Place or replace all soap and hand towel dispensers in accessible restrooms within the permitted reach ranges.

e. Reposition all mirrors in accessible restrooms at the proper height.

f. Remove all floor mats identified on page twelve (12), item thirteen (13) of Peter Lowell's report dated March 29, 2012.

g. Replace door handles on the doors to accessible restrooms with ones that comply with the ADAAG.

h. Replace faucet hardware in accessible restrooms with ADA complaint hardware.

i. Install hand rails on the interior ramp.

j. Pending City approval, install a removable ramp at the main entrance to the premises during operational hours to render both doorways fully accessible.

2. All of the foregoing, except for the requirements of subparagraph "j" above, shall be completed within six (6) months from the date on which this agreement is signed.

3. The Defendant shall, within two (2) weeks, apply to the City for permission to employ ramps at both entrances as defined in subparagraph "j" above. As of the date of execution of this Agreement, approval for the ramp to be employed during the property's operational hours was received.

4. The Parties recognize that once the remedial measures delineated herein are satisfied, the Defendant has made all modifications and alterations pursuant to the ADA that are readily achievable and technically feasible.

5. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

6. Upon the Court's approval of this Settlement Agreement, and upon the Defendant's full compliance with the terms and conditions of this Settlement Agreement, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns and the building owner, Moriarity, Inc., from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act. This provision is limited to the subject property.

7. Defendant shall pay Plaintiffs' counsel, Thomas B. Bacon Plaintiffs' attorneys' fees, litigation expenses, expert fees, reinspection fees and costs incurred in this matter as agreed to in Mediation. The amounts to be paid shall be established by counsel for the parties by separate letter agreement, which is incorporated as part of this Settlement Agreement. Payment shall be made no later than thirty (30) days of the approval of all conditions as defined above.

8. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorney's fees, costs and expert fees.

9. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns.  The parties shall perform their obligations under this Consent Decree in good faith.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.  A copy or facsimile of any parties' signature shall be deemed as legally binding as the original signatures.


_____
Robert Cohen


Access for The Disabled, Inc.,
By:_____

_____(title)


Lauderdale Lounges, Inc., d/b/a the Parrot,

By_____
    Tim Schiavone, President

attorney's fees, costs and expert fees.

9. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any parties' signature shall be deemed as legally binding as the original signatures.

_____

Robert Cohen

Access for The Disabled, Inc.,

By: _____
    _____ (title)

Lauderdale Lounges, Inc., d/b/a the Parrot,

By: _____

_____ (title)